IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELLA M. ANDERSON, )
        Plaintiff, )
         )
vs. ) Civil Action No. 09-323-E
         )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
         )
        Defendant. )

ORDER

AND NOW, this 17th day of February, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 6) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1] The Administrative Law Judge ("ALJ") found that Plaintiff's early post traumatic degenerative joint disease of the right wrist constituted a severe impairment. Tr. 9. Plaintiff challenges the ALJ's ultimate conclusion that she retains the residual functional capacity ("RFC") to perform less than the full range of light work and that there are jobs that exist in significant numbers in the national economy that she can perform. Tr. 10-13; see 20 C.F.R. § 404.1567(b).

Plaintiff argues that the ALJ failed to recognize that her impairment impacted her ability to perform light or sedentary work due to her lack of bilateral dexterity. See SSR 96-9p, SSR 83-10 and SSR 85-15. In addition, Plaintiff argues that the testimony of the vocational expert ("VE") was inconsistent with the Dictionary of Occupational Titles in this regard.

"Where the extent of erosion of the occupation base is not clear, the adjudicator will need to consult a vocational resource." SSR 83-12. The ALJ asked the vocational expert to consider whether there were jobs of a light or sedentary nature that could be performed by a person with the complete loss of use of her dominant right wrist and hand. Tr. 25; 33; 39. On the basis of the VE's testimony, the ALJ found that there were jobs in Plaintiff could have performed. Tr. 11-13. The ALJ was fully aware of Plaintiff's impairment and consulted the VE with this in mind.

In addition, the VE adequately explained how a person with Plaintiff's limitations could perform a number of jobs without the use of her dominant hand and wrist. Tr. 39-47; SSR 00-4p. The ALJ was permitted to rely on this testimony.

The Court finds that there is substantial evidence to support the ALJ's decision.